NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| TAMI J. McTEAR,<br><br>   Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>   Defendant. | Civil Action No. 25-3940 (RK) (RLS)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

   **THIS MATTER** comes before the Court upon *pro se* Plaintiff Tami J. McTear's ("Plaintiff") application to proceed *in forma pauperis* (ECF No. 5, "IFP"), together with her Complaint (ECF No. 1, "Compl.") and Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") (ECF No. 4; the "Motion"). The Court has considered the Plaintiff's submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons explained below, the application to proceed *in forma pauperis* is **DENIED**, the Complaint is **DISMISSED** without prejudice, and the Motion is **DENIED** as moot.

**I.  BACKGROUND**

  *Pro se* Plaintiff Tami J. McTear, a resident of Toms River, New Jersey, brought suit against Nationstar Mortgage LLC ("Defendant"), a private mortgage loan servicer, seeking to enjoin the Sheriff's Sale of her homestead property (the "Property") scheduled for May 27, 2025.[1] (Compl.

---

[1] According to the Ocean County Foreclosure Listing, the Sheriff's Sale of the Property is "Adjourned Until 06/24/2025." The Court takes judicial notice of this foreclosure listings on the Ocean County website:

¶¶ 5–8.) Plaintiff alleges that she is the sole obligor on the mortgage loan for her residential property, and, despite being named on the title, her spouse "has never contributed" to the loan, closing costs, maintenance or repair, and was instead "added to the title under conditions of coercion." (*Id.* ¶ 7.) Defendant, who services Plaintiff's mortgage loan, allegedly initiated foreclosure proceedings in New Jersey state court. (*Id.* ¶ 6.) On May 2, 2025, the state court entered judgment in favor of Nationstar, and permitted a Sheriff's Sale of the Property, previously scheduled for May 27, 2025. (*Id.* ¶ 8.) In an effort to prevent the Sale, Plaintiff alleges that she has exhausted the two adjournments permitted through the Sherriff's Office. (*Id.* ¶ 9.) According to Ocean County public records, the Sheriff's Sale of the Property is now adjourned until June 24, 2025. *See supra* n.1.

Plaintiff alleges that the foreclosure judgment entered by the state court on May 2, 2025 was "tainted by procedural and substantive irregularities." (*Id.* ¶¶ 8, 10.) Alleged issues with the judgment include robo-signing of mortgage documents, improper handling of the promissory note and the deed of trust, lack of proper notice under federal mortgage regulations, excessive fees, and "improper foreclosure acceleration." (*Id.* ¶ 10.) Plaintiff does not expound upon what these purported issues entail, or what transpired during the state court proceedings. Plaintiff also failed to provide the Court with a copy of the state court judgment or documentation relating to the forthcoming Sheriff's Sale.

Plaintiff brings five claims: (i) quiet title to the Property; (ii) 42 U.S.C. § 1983 for a violation of due process under the Fifth and Fourteenth Amendments; (iii) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; (iv) unjust enrichment; and

---

https://sheriff.co.ocean.nj.us/frmForeclosures. *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017) (taking judicial notice of public information on government website).

(v) emotional distress. (*Id.* ¶¶ 13–26.) For relief, Plaintiff requests that the Court (a) enter a TRO and a PI enjoining foreclosure-related actions against her, including the Sheriff's Sale (*see* ECF No. 2-1 at 1–2); (b) enter a judgment declaring the mortgage and foreclosure judgment null and void; (c) grant her quiet title to the Property; (d) order discharge and dissolution of the mortgage; and (e) award Plaintiff other damages, costs, and fees. (Compl. at 5–6.)

At the time the Complaint was filed on May 5, 2025, *pro se* Plaintiff neither paid the filing fee nor filed an application to proceed *in forma pauperis*. (*See* ECF No. 4.) Nine days later, Plaintiff filed the required long-form IFP application. (ECF No 5.)

## II.  IFP SCREENING

Under 28 U.S.C. § 1915, a plaintiff may proceed *in forma pauperis*—without paying a filing fee. The Court engages in a two-step analysis when considering IFP applications: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse*, No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)). The IFP statute requires that a plaintiff demonstrate financial need through the submission of a *complete* financial affidavit. *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-0105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) (citing 28 U.S.C. § 1915(a)).

Plaintiff's IFP application does not provide sufficient information about her financial situation, and accordingly fails to demonstrate that the Court should waive her fees. Plaintiff's representation as to her income in that section conflicts with the income listed in the employment section; Plaintiff lists no income or expected income during the preceding or succeeding 12 months

3

for her household; however, Plaintiff does indicate that she has been employed by AristaCare in Whiting, New Jersey since April 2025, making $3,000 a month. (IFP at 1–2.) In further contradiction, despite her monthly salary, Plaintiff identifies one checking account, at Harford Bank, with a zero balance. (*Id.*) For assets, Plaintiff lists a home valued at $315,000—presumed to be the home at issue in the underlying foreclosure action—with monthly payments of $1,750. (*Id.* at 3, 4.) Plaintiff also owns an $8,000 vehicle. (*Id.* at 3.) Beyond the $1,750 in monthly home expenses, Plaintiff lists no other expenses. (*Id.* at 4.) Life insurance is listed as $0.00 and all other possible expenses, including food, clothing, transportation, taxes are left blank. (*Id.*) While the Court has some understanding as to Plaintiff's financial situation based on the information provided in the IFP and the context of the foreclosure, the Court is unable to fully and adequately assess Plaintiff's financial picture from the incomplete IFP. Furthermore, if Plaintiff's IFP Application *were* a complete snapshot of her financial situation, Plaintiff indicates that she earns almost twice her monthly expenses, which may well not permit the Court to waive the filing fee. The application to proceed *in forma pauperis* is, therefore, **DENIED**.

### III.    COMPLAINT SCREENING

Although a court is not required to conduct a screening of a complaint after denying an IFP application, the Third Circuit has endorsed a "flexible approach" that allows a court to dismiss a case "at any time . . . regardless of the status of a filing fee." *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019). The Court proceeds to screen Plaintiff's complaint here in an effort to "conserve judicial resources" later. *See id.*

The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for

failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

To recap, Plaintiff seeks a wide range of remedies to avoid the foreclosure judgment, including injunctive relief to stay the Sheriff's Sale on Plaintiff's homestead, declaratory judgment nullifying and voiding the state court's foreclosure judgment, quiet title as to the Property, discharge and dissolution of the mortgage, and other damages, costs, and fees. (Compl. at 5–6.) The Court concludes that none of Plaintiff's claims or requests for relief are viable because (i) this Court cannot grant relief that disturbs the state court's foreclosure decision[2]; (ii) Fifth and Fourteenth Amendment claims cannot be brought against private parties; and (iii) the Complaint fails to state a claim for emotional distress.

### A. ROOKER-FELDMAN

The *Rooker-Feldman* doctrine bars federal district courts from engaging in "[a]ppellate review of state-court orders." *Merritts v. Richards*, 62 F.4th 764, 774 (3d Cir. 2023) (citing *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002)). The doctrine has four preconditions—two procedural and two substantive—which, when all satisfied, require dismissal. *See id.* (citations omitted). The four requirements are: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to

---

[2] The Court also notes "that the proper procedure for review of a state court decision is to appeal through the state appellate process." *Diehl v. Connell*, 382 F. App'x 127, 128 (3d Cir. 2010).

5

review and reject the state judgments." *Vuyanich v. Smithton Borough*, 5 F.4th 379, 385 (3d Cir. 2021) (quoting *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)) (internal quotation marks omitted).

All four requirements are met here. *First*, Plaintiff alleges that the state court entered judgment against her in favor of Defendant around May 2, 2025. (Compl. ¶ 8.) *Second*, the harm that Plaintiff purports to face, including financial and emotional, results from the state court foreclosure judgment. (*See, e.g., id.* ¶¶ 21, 25.) *Third*, the alleged May 2, 2025 state court judgment was entered three days before the filing of this federal lawsuit. (*Id.* ¶ 8.) *Fourth*, Plaintiff asks the Court to grant relief that would, in effect, overturn the state court judgment, including declaring the state court judgment "null and void;" enjoining foreclosure-related actions, including the Sheriff's Sale; and discharging and dissolving the mortgage.[3] (*Id.* at 5–6.)

Having found the four prongs satisfied, the *Rooker-Feldman* doctrine serves to preclude this Court from exercising jurisdiction over the claims that seek to review, modify, or void a state court ruling. *See In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005). The Third Circuit has endorsed its applicability in comparable cases involving federal cases filed to avoid state foreclosure judgments. *See, e.g., In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (*Rooker-Feldman* doctrine barred claims that would negate state court judgment in foreclosure action); *Wharwood v. Wells Fargo Bank NA*, No. 20-3449, 2021 WL 4438749, at *2 (3d Cir. Sept. 28, 2021) ("To the extent that [plaintiff] challenges the foreclosure action, we agree with the District Court that her challenge is barred by *Rooker-Feldman* from review in federal court." (citation omitted)); *Coppedge v. SLS LLC*, No. 22-2717, 2024 WL 511037, at *1 (3d Cir. Feb. 9, 2024) (same).

---

[3] Given the scant allegations in the Complaint, the Court finds independent grounds discussed *infra* to dismiss the due process claim under the Fifth and Fourteenth Amendment and the emotional distress claim.

Count One, which seeks quiet title to the foreclosed Property, and Count Four, which brings a claim of unjust enrichment for Defendant's *future* proceeds from the Sheriff's Sale of Plaintiff's Property, are clearly barred by *Rooker-Feldman*. The relief Plaintiff seeks—title to the Property—would necessarily invalidate the prior foreclosure judgment that divested her of that title. *See, e.g. Bank of New York Mellon as Tr. for Certificateholders of CWALT, Inc., Alternative Loan Tr. 2006-0A10 Mortg. Pass-Through Certificates Series 2006-0A10 v. Mazza*, No. 23-2168, 2024 WL 4164622, at *3 (3d Cir. Sept. 12, 2024) (finding claims for "quiet title to the property . . . are precisely the type of claims which *Rooker-Feldman* precludes." (citation omitted)). Just the same, interference with the proceeds of a court-ordered Sheriff's Sale would disturb the foreclosure judgment. *See, e.g., Damiani v. Wells Fargo*, No. 16-8484, 2018 WL 1731347, at *6 (D.N.J. Apr. 10, 2018) (dismissing unjust enrichment claim on the basis of *Rooker-Feldman* because it would require the Court to invalidate the foreclosure judgment).

Under Count Three, Plaintiff alleges that Defendant engaged in deceptive and abusive collection practices including misrepresenting amounts owed and initiating foreclosure without proper documentation in violation of the FDCPA. (Compl. ¶ 20.) Issues relating to the mortgage balance and the foreclosure procedures fall squarely within the scope of the state foreclosure action. Thus, the FDCPA claim, while vague and muddled, is barred by *Rooker-Feldman* because it raises issues that would require review of the state court's decision.[4] Accordingly, Counts One, Three, and Four are **DISMISSED** on the basis of *Rooker-Feldman*.

---

[4] Even assuming *arguendo* that the FDCPA claim is not dismissed under *Rooker-Feldman*, New Jersey preclusion principles likely provides an alternative basis to dismiss this claim. From the Complaint, it appears that the allegations underlying the FDCPA claim did *not* arise after foreclosure judgment was entered, thus they could have been brought in state court and are accordingly, precluded here. *See Ojo v. Hudson Cnty. Sav. Bank FSB*, No. 21-2840, 2022 WL 4820371, at *2 (3d Cir. Oct. 3, 2022) (noting FDCPA claims that "could have been raised in the foreclosure proceedings" are "barred by New Jersey's preclusion doctrines" (citing *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 885-87 (3d Cir. 1997))); *see also Noel v. Bank of New York Mellon*, No. 18-04798, 2019 WL 1434939, at *3 n.2 (D.N.J. Apr. 1, 2019) (finding,

While the Court doubts that *any* of the other claims are sufficiently "independent" from the state court foreclosure judgment to put them outside the reach of *Rooker-Feldman*, the sparse details in the Complaint compels the Court to consider alternative bases to dismiss Counts Two and Five. *See, e.g., Copeland v. Wilmington Tr.*, No. 24-04084, 2024 WL 3052092, at *2 (D.N.J. June 19, 2024) (acknowledging there could be "independent claims" that would not disturb the state court foreclosure judgment).

### B. DUE PROCESS PURSUANT TO § 1983 (COUNT TWO)

Plaintiff's § 1983 claim for violations of her due process rights under the Fifth and Fourteenth Amendment are barred as brought against a private party. (Compl. ¶¶ 17–19.) Defendant, a private mortgage servicing company, is precluded from liability under § 1983, unless it acted "under color of state law." *Jacobowitz v. M & T Mortg. Corp.*, 372 F. App'x 225, 227 (3d Cir. 2010). Plaintiff has failed to assert any allegations indicating Defendant acted under color of state law. *See, e.g., Salley v. Rodriguez*, No. 07-4914, 2008 WL 65106, at *4 (D.N.J. Jan. 4, 2008) (collecting cases indicating that a bank's initiation of and engagement in a foreclosure action does not constitute state action). Similarly, the Fifth Amendment claim is only viable against federal government actors. *See Caldwell v. Beard,* 324 F. App'x 186, 189 (3d Cir. 2009) (citation omitted). The Complaint contains no allegations suggesting Defendant was acting under the color of state or federal law, and thus Count two is **DISMISSED**. *See, e.g., Jacobowitz*, 372 F. App'x at 227.

### C. EMOTIONAL DISTRESS (COUNT FIVE)

In light of Plaintiff's *pro se* status, the Court construes Plaintiff's claim for "emotional distress" as being a claim for Intentional Infliction of Emotional Distress ("IIED") and Negligent

---

in the alternative to *Rooker-Feldman*, *res judicata*, and New Jersey's entire controversy doctrine would bar an FDCPA claim "aris[ing] out of the mortgage that is the basis of the foreclosure action" (citations omitted)).

Infliction of Emotional Distress ("NIED"). Plaintiff claims that Defendant's foreclosure practices and the state court litigation that proceeded, caused Plaintiff distress and anxiety. (Compl. ¶ 24.) To state a claim for IIED, "the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe." *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1115 (N.J. 2009) (quoting *Tarr v. Ciasulli*, 853 A.2d 921, 924 (N.J. 2004)). "To establish a claim of negligent infliction of emotional distress, plaintiff must show that: (1) defendant owed a duty to plaintiff; (2) defendant breached that duty; (3) plaintiff suffered severe emotional distress; and (4) defendant's breach proximately caused plaintiff's emotional distress." *Johnson v. City of Hoboken*, 299 A.3d 856, 864 (N.J. Super. Ct. App. Div. 2023). New Jersey sets a "high bar" to establish extreme and outrageous conduct; it must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Peters v. Countrywide Home Loans, Inc.*, No. 15-6329, 2016 WL 2869059, at *6 (D.N.J. May 17, 2016) (citations omitted).

Courts have regularly found that the conduct here—attempting to collect on a debt or exercising foreclosure rights—cannot form the basis of an emotional distress claim. *Id.*; *Diaz v. Bank of New York*, No. 15-1954, 2016 WL 111420, at *6 (D.N.J. Jan. 11, 2016) (collecting cases); *Francis v. TD Bank, N.A.*, No. 12-7753, 2013 WL 4675398, at *7 (D.N.J. Aug. 30, 2013) ("largely conclusory allegations" relating to filing a foreclosure action are "not enough to support a claim either for negligent or intentional infliction of emotional distress"); *Camp v. Wells Fargo Bank, N.A.*, No. 16-2463, 2017 WL 3429344, at *5 (D.N.J. Aug. 9, 2017) (instituting foreclosure proceeding or collections actions are insufficient to state a viable emotional distress claim). Plaintiff has alleged no facts, let alone plausible ones, demonstrating Defendant acted in an

extreme and outrageous manner. Thus, Count Five for emotional distress is **DISMISSED**; the Complaint is **DISMISSED** in its entirety.[5]

For the reasons set forth above and for other good cause shown,

**IT IS** on this 29th day of May, 2025, **ORDERED** that:

1. Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) is **DENIED**; and

2. Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e); and

3. Plaintiff's Motion (ECF No. 2) is **DENIED**; and

4. Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Memorandum Order by (i) paying the filing fee or filing a new application to proceed *in forma pauperis*; and (ii) filing an amended complaint; and

5. If Plaintiff fails to file an amended complaint within the thirty (30) days, the Complaint will be dismissed with prejudice; and

6. Upon receipt of a new application to proceed *in forma pauperis* and an amended complaint within the time allotted by this Court, the Clerk will be directed to reopen this case; and

7. The Summons shall not issue at this time, as the Court's *sua sponte* screening of the amended complaint has not yet been completed; and

8. The Clerk's Office is directed to terminate the Motion at ECF No. 2; and

---

[5] Because the Complaint is dismissed in whole, Plaintiff's Motion for a TRO and a PI is **DENIED** as moot. (ECF No. 2-1.) Even assuming *arguendo* that the Motion is not denied as moot, the Motion is also precluded by the *Rooker-Feldman* doctrine as it seeks to relitigate issues germane to the state foreclosure action. *See Copeland*, 2024 WL 3052092, at *2 (collecting cases and finding a TRO seeking to enjoin a sheriff's sale on the basis of a purported "erroneous" foreclosure judgment does not have a reasonable likelihood of success); *Nest, v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) ("The Third Circuit has specifically held that the *Rooker–Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision.") (collecting cases).

9. The Clerk's Office is directed to **CLOSE** this matter and serve on Plaintiff by regular U.S. mail this Memorandum Order and a blank IFP Form.

_____
ROBERT KIRSCH
UNITED STATES DISTRICT JUDGE